# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS EDWARD LEE | ) | |
|     Petitioner, | ) | Civil Action No. 14-143 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MARK CAPOZZA, et al., | ) | |
|     Respondents. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

Pending before the court is the petition for a writ of habeas corpus filed by state prisoner Thomas Edward Lee ("Lee") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Lee challenges the legality of his imprisonment, which is the result of the judgment of sentenced imposed upon him by the Court of Common Pleas of Erie County on his conviction of robbing a CVS store and related crimes.

This case was referred to a magistrate judge in accordance with 28 U.S.C. § 636(b) and Local Rule 72. The magistrate judge issued a report and recommendation ("R&R") in which she recommended that the petition be denied and that a certificate of appealability be denied. [ECF No. 37]. The magistrate judge addressed three claims for relief, each premised upon Lee's contention that his trial counsel provided him with ineffective assistance in violation of his Sixth Amendment rights. The magistrate judge explained that because the Superior Court of Pennsylvania denied Lee's three claims on the merits in its 2014 opinion, Commonwealth v. Lee, No. 894 WDA 2013, slip op. (Pa.Super.Ct. Feb. 24, 2014) ("Lee III"), the AEDPA's deferential standard of review applies. It provides that, in order for Lee to be entitled to habeas relief, he must establish that the superior court's decision that his Sixth Amendment rights were not

1

violated "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. §2254(d)(1). The magistrate judge recommended that the court conclude that Lee did not meet his requisite burden.

Lee filed objections to the magistrate judge's R&R. [ECF No. 38]. Where, as here, objections were filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1). Accordingly, the court carefully examined *de novo* all arguments raised by Lee in his objections and agrees with the magistrate judge that the petition and a certificate of appealability should be denied. Lee's objections have no merit. They are overruled and the court approves and adopts the R&R as the opinion of the court, as supplemented by this memorandum opinion. The court only writes to address a fourth claim for relief that the magistrate judge did not reach, as well as Lee's contention that he is entitled to an evidentiary hearing.

I.

In his objections, Lee explained that in addition to the three claims of ineffective assistance of trial counsel that the magistrate judge addressed in the R&R (Claims One, Two and Three), he raised a fourth claim ("Claim Four") in which he alleged that the trial court made an error that violated his rights under the Due Process Clause of the Fourteenth Amendment. Claim Four is premised upon the same facts upon which Claim Three is: the trial court's alleged failure to give the appropriate cautionary jury instruction regarding A.B.'s identification of him. According to Lee, the trial court's failure to give the instruction on its own rendered his trial fundamentally unfair. In Pennsylvania, the rule that in certain circumstances a jury should

receive a cautionary eyewitness identification instruction is derived from Commonwealth v. Kloiber, 106 A.2d 820, 826-27 (Pa. 1954), in which the Supreme Court of Pennsylvania held:

> [w]here the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions . . . the court should warn the jury that the testimony as to identity must be received with caution.

Claim Four has no merit.[1] "The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the *Constitution or laws or treaties of the United States*.'" Swarthout v. Cooke, 562 U.S. 216, (2011) (per curiam) (emphasis added) (quoting Wilson v. Corcoran, 562 U.S. 1, 4 (2010) (per curiam), which quoted 28 U.S.C. § 2254(a)). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Although many state and federal courts have adopted eyewitness-specific jury instructions that "warn the jury to take care in appraising identification evidence[,]" Perry v. New Hampshire, — U.S. — , 132 S.Ct. 716, 729 (2014), the requirement that such an instruction be given is mandated by the rules developed in that specific jurisdiction, not the Due Process Clause. NATHAN R. SOBEL, ET AL., Eyewitness Identification:

---

[1] The first time that Lee claimed that the trial court violated his due process rights for allegedly failing to give the appropriate cautionary instruction was in his PCRA proceeding. By that point, that claim of trial court error was waived because it could have been raised earlier. 42 PA.CONS.STAT.ANN. § 9543(a)(3) (to be eligible for relief under the PCRA, the petitioner must plead and prove that his "allegation of error has not been previously litigated or waived") and § 9455(b) ("For the purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Therefore, the superior court only addressed the merits of the related ineffective assistance of counsel claim, which was raised properly during the PCRA proceeding. Because Lee waived the stand-alone claim of trial court error in state court, this court could deny Claim Four as procedurally defaulted. Since the court would be raising that issue *sua sponte*, Lee would have to be given fair notice and an opportunity to respond. Day v. McDonough, 547 U.S. 198, 205-10 (2006); Evans v. Sec'y Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011); Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002). It is, therefore, more efficient for the court to deny Claim Four on the merits.

Legal & Practical Problems 2d § 914, available on WestlawNext (database updated June 2015) (citing decisions for the proposition that "[t]here is no constitutional right or other requirement that judges specifically instruct juries on the inherent fallibility of eyewitness identification."). See United States v. Wilford, 493 F.2d 730, 733 (3d Cir. 1974) (eyewitness cautionary instructions for the Third Circuit imposed under the court of appeals' supervisory power); United States v. Barber, 442 F.2d 517, 525-26 (3d Cir. 1971) (same). Accordingly, Lee cannot establish that his due process rights were implicated by the allegation of trial court error that he makes in Claim Four.

Additionally, as the magistrate judge explained in the R&R when she addressed Claim Three, the superior court determined that the trial court gave a "more than adequate" eyewitness instruction under the circumstances. Lee III, No. 894 WDA 2013, slip op. at 14. This court is bound by the superior court's state-law determination and, therefore, the very premise of Claim Four is without foundation.[2] Estelle, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Priester v.

---

[2] Although there may have been issues regarding the quality of A.B.'s observations of the individual who robbed the CVS store, a review of her testimony demonstrated that she had the opportunity to observe him. This distinction is an important one as it relates to whether a more extensive eyewitness instruction should have been given. As the Superior Court of Pennsylvania explained in other cases, when a prosecution witness's testimony establishes that he or she had ample opportunity to observe the defendant, the appropriate way to address the reliability of the identification is through cross-examination. Commonwealth v. Cleveland, 703 A.2d 1046, 1049 (Pa.Super.Ct. 1997) (citing Commonwealth v. Jamison, 171 A.2d 541 (Pa.Super.Ct. 1961)). In such a case, an instruction cautioning the jury to view the witness's testimony with caution is not warranted. Id. In contrast, when the evidence submitted at trial reveals that there is a question as to whether the witness was able to observe the defendant at all, then the identification is suspect and the trial court should give an appropriate cautionary instruction to the jury. Id. (comparing Jamison, 171 A.2d at 542 (witness had ample opportunity to observe defendant, and cross-examination sufficient to address reliability of the identification) with Commonwealth v. Simmons, 647 A.2d 568 (Pa.Super.Ct. 1994) (Kloiber instruction warranted because "record revealed that from where the witness claimed to be during the crime, he was either unable to view the defendant, or had his view obstructed by a railing or pole").

Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (federal habeas court bound by the state court's determination that the instruction at issue comported with state law).

Lee also contends in Claim Four (and in Claim Three) that he was entitled to a cautionary instruction in accordance with Commonwealth v. Sexton, 400 A.2d 1289 (Pa. 1979).[3] In Sexton, the Supreme Court of Pennsylvania held that when an eyewitness to the crime had *no opportunity to view the defendant prior to making an in-court identification at trial*, the harmed caused by the suggestive in-court confrontation could be remedied by advising the jury that the defendant sought and was denied an opportunity for a more objective setting than the one from which the identification introduced at trial emanated. 400 A.2d at 1293.

Lee did not demonstrate that he was entitled to a Sexton charge. "The justification for a Sexton charge is that because of the absence of *any* pre-trial identification, the suggestiveness of the in-court identification becomes overwhelming and must be tempered with a caution." Commonwealth v. Gibbons, 549 A.2d 1296, 1303 (Pa.Super.Ct. 1988) (emphasis in original). The holding in Sexton is not applicable to Lee's case because A.B. made a pre-trial identification of him when the police showed her the photographic display. It is true that, as the superior court recognized, A.B.'s pre-trial identification was obtained in violation of Lee's state-law right to have counsel present. Lee III, No. 894 WDA 2013, slip op. at 11. The remedy for that error was not a specific jury instruction. It was to move to have A.B.'s out-of-court identification suppressed. Lee's trial counsel failed to file a timely motion to suppress on that basis, and her failure to do so was the subject of Claim Two of Lee's habeas petition, which was denied

---

[3] In his brief to the superior court, Lee asserted that he was entitled to a Kloiber charge, not a Sexton charge. Brief for Appellant at 4, 23-26, Commonwealth v. Lee, No. 894 WDA 2013 (Pa.Super.Ct. June 22, 2013). Therefore, he did not provide the superior court with the opportunity to decide if he was entitled to a Sexton charge under state law.

because Lee did not show that the superior court's determination that he was not prejudiced by counsel's failure was "contrary to, or involved an unreasonable application of[,]" 28 U.S.C. § 2254(d)(1), Strickland v. Washington, 466 U.S. 668 (1984).

Based upon the foregoing discussion, Claim Four is denied. Because jurists of reason would not find this court's decision to deny relief on Claim Four to be debatable or wrong, a certificate of appealability is denied on it as well.[4]

Also without merit is Lee's contention that he is entitled to an evidentiary hearing. He relies upon Townsend v. Sain, 372 U.S. 293 (1963), a decision in which the Supreme Court of the United States enunciated standards regarding when a district court was required to conduct a federal habeas evidentiary hearing. Lee's reliance upon Townsend is misplaced because it was superseded by the AEDPA, which significantly amended the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, and which applies to all habeas petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).[5]

The AEDPA placed limits on the ability of a district court to conduct an evidentiary hearing. Most relevant to this case is the limit recognized by Cullen v. Pinholster, 563 U.S. 170,

---

[4] 28 U.S.C. § 2253 governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas claim and it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[ ] debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[5] The United States Court of Appeals for the Third Circuit explained that prior to the AEDPA, "'evidentiary hearings [in habeas cases] were *required* in several circumstances.'" Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) (quoting Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000) (emphasis in original), which cited Townsend, 372 U.S. at 313). The "'AEDPA in contrast, *permits* evidentiary hearings on habeas review, but only in a limited number of circumstances.'" Id. (quoting Campbell, 209 F.3d at 289 (emphasis in original) and 28 U.S.C. § 2254(e) (as amended by the AEDPA)). See Williams v. Taylor, 529 U.S. 420, 429-45 (2000); Lewis v. Horn, 581 F.3d 92, 104-05, 109 n.11, 117 (3d Cir. 2009).

6

181 (2011), in which the Supreme Court held that when the AEDPA's standard of review at § 2254(d)(1) applies to a claim, the federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits." Because this court's review of Lee's ineffective assistance of trial counsel claims (Claims One, Two and Three) is governed by § 2254(d)(1), Lee cannot introduce new evidence to support them in this federal habeas proceeding. As for Claim Four, it is a record-based claim of trial court error that requires no evidentiary development for it to be reviewed by this court. For these reasons, Lee is not entitled to an evidentiary hearing on any of his claims.

## II.

In conclusion, after *de novo* review of the R&R and the other documents filed in this case, the court adopts the R&R as the opinion of the court as supplemented herein. All the petitioner's claims are denied and a certificate of appealability is denied.

An appropriate order follows.

BY THE COURT,

Date: December 18, 2015

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Court Judge